■ GLORIA SILBERNAGEL et al., Appellants, v CITY OF NEW YORK, Respondent. — Order, Supreme Court, Bronx County (Fusco, J.), entered February 26, 1981, which, *inter alia,* denied plaintiffs' motion to extend the time to file a notice of claim and granted defendant's motion to dismiss the complaint, unanimously reversed, on the law and in the exercise of discretion, without costs or disbursements, the motion to dismiss denied, the motion to extend the time to file a notice of claim granted, the notice served on August 3, 1976 deemed to have been timely filed, and the affirmative defense based on late filing of a notice of claim stricken. Plaintiff, injured on May 4, 1976, allegedly as a result of a sidewalk fall which necessitated two operations, filed a notice of claim on the City of New York on August 3, 1976, one day past the 90-day limit as prescribed in section 50-e (subd 1, par [a]) of the General Municipal Law (as amd by L 1976, ch 745, § 2). A summons and complaint were served on April 12, 1977. Issue was joined on August 24, 1977, by service of an answer which included an affirmative defense based on the late filing of the notice of claim. A comptroller's hearing was conducted on May 2, 1977 at which time photographs of the accident scene, together with the name and address of a witness to the accident, were furnished. Plaintiff did not move for late filing relief under subdivision 5 of section 50-e of the General Municipal Law until January 21, 1981, a lapse of almost 41 months. Notwithstanding this delay we believe the motion should have been granted. While the time to file may not be extended under the 1976 amendments, beyond "the time limited for the commencement of [the] action" (General Municipal Law, § 50-e, subd 5), one year and 90 days from the date of the accident in this instance, there is no requirement that the application for leave to serve a late notice be made within such a limited period. (*Pierson v City of New York,* 83 AD2d 128.) In fact, such application may be made even after the action is commenced. (General Municipal Law, § 50-e, subd 5; *Pierson v City of New York, supra.*) In the circumstances presented here, where plaintiff was disabled for at least a part of the 90-day period following the accident, we believe that the appropriate exercise of discretion calls for the granting of late filing relief to the extent of deeming the notice of claim filed on the 91st day to have been timely filed. Accordingly, the affirmative defense based on late filing is stricken. Concur — Sullivan, J. P., Ross, Markewich, Lupiano and Silverman, JJ.

■ In the Matter of MILTON A. TEPLIN, a Suspended Attorney. — Upon the court's own motion Hyman W. Gamso, Esq., is discharged from his duties with respect to his appointment to inventory the files of the respondent, as indicated in the order of this court. Concur — Murphy, P. J., Kupferman, Sullivan, Carro and Silverman, JJ.